**Dated: August 14, 2020**
**The following is SO ORDERED:**

_____
Jimmy L. Croom
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In Re:<br>Marsha Currie | Chapter 13 |
| Debtor | Case No. 20-10830 |

## Order Confirming Plan Combined With Related Orders

It appearing to the Court that the Debtor Has filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from the statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

IT IS THEREFORE, ORDERED BY THE COURT:

1. That the Debtor's plan, which is attached hereto, is confirmed;

2. That the Debtor pay into the plan as follows:

Debtor One Employer:   ADIENT US LLC                                      $1,130.00 EVERY TWO WEEKS

If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Futhermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §§1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3.   All property shall remain property of the Chapter 13 estate under 11 U.S.C. §§541(a) and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise.  The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4.   An attorney fee is allowed in the amount of  $3,800.00.

5.   The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the bar date for the filing of claims; separate order to be entered thereon.

6.   Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7.   The balances of any student loans shall survive discharge if the plan indicates same.

8.   Following the bar date to file proofs of claims, the Chapter 13 Trustee may adjust the plan payments as necessary to capture any excess equity.

CC:  Timothy H. Ivy

/s/ Timothy H. Ivy
Chapter 13 Trustee

JLS

ALISSA YORK GAY
TEEL & MARONEY, PLC
425 E. BALTIMORE
JACKSON, TN  38301

Date:    August  6, 2020

**UNITED STATES BANKRUPTCY COURT**
**Western District Of Tennessee**

In Re:  Case No. 20-10830

(1) Marsha Currie

Debtor  Chapter 13

## CHAPTER 13 PLAN

| | |
|---|---|
| **ADDRESS:** | 43 Leafwood Cove <br> Jackson, TN 38305 |

**PLAN PAYMENT :**

DEBTOR (1) shall pay    $1,130.00  EVERY TWO WEEKS
by: Payroll Deduction from:    ADIENT US LLC
PO BOX 811060
CLEVELAND, OH 44181

1. **THIS PLAN [Rule 3015.1]:**

   (A)  CONTAINS A NON-STANDARD PROVISION. [See Plan Provision #19]         NO

   (B)  LIMITS THE AMOUNT OF SECURED CLAIM BASED ON A VALUATION OF THE         YES
   COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]

   (C)  AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12]         NO

2. **ADMINISTRATIVE EXPENSES:**  Pay filing fee and Debtor's attorney fees, pursuant to Confirmation Order.

3. **AUTO INSURANCE:**  (x) Not Included in Plan

   AUTO INSURANCE NOT INCLUDED

4. **DOMESTIC SUPPORT**                                                                                   Monthly Plan Payment

5. **PRIORITY CLAIMS**

6. **HOME MORTGAGE CLAIMS**

| | | | |
|---|---|---|---|
| FCI Lender Services Inc. | ongoing pmt. begin | 09/01/2020 | $217.00 |
| For: 43 Leafwood Jackson, TN | | | |
| US BANK NA TE FOR STRUCTURED ASSET SEC CORPORATION | ongoing pmt. begin | 09/01/2020 | $680.99 |
| For: 43 Leafwood Jackson, TN | | | |
| FCI Lender Services Inc. | | | |
| Approx. arrearage    $868.00 | | 0.00% | $15.00 |
| For: 43 Leafwood Jackson, TN | | | |
| US BANK NA TE FOR STRUCTURED ASSET SEC CORPORATION | | | |
| Approx. arrearage    $3,918.96 | | 0.00% | $66.00 |
| For: 43 Leafwood Jackson, TN | | | |

**7. SECURED CLAIMS**

| [Retain lien 11 U.S.C. Section 1325 (a)(5)] | Value of Collateral: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| 1ST FRANKLIN FINANCIAL CORPORAT | $1200.00 | 6.00% | $26.00 |
| Misc. HHG | | | |
| PERSONAL FINANCE COMPANY | $4000.00 | 6.00% | $80.00 |
| Misc. HHG | | | |
| REPUBLIC FINANCE, LLC | $6000.00 | 8.00% | $125.00 |
| Misc. HHG | | | |

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER S CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING**

| [Retain lien 11 U.S.C. Section 1325 (a)] | Value of Collateral: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| ALLY BANK | $12,000.00 | 7.00 | $241.00 |
| 2014 Chevy Malibu | | | |
| Adequate protection $61.00 monthly | | | |
| ALLY BANK | $24,389.18 | 10.79 | $528.00 |
| 2016 Toyota Camry | | | |
| Adequate protection $132.00 monthly | | | |
| [per PCM] | | | |

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASO DISPOSAL OF COLLATERAL**

**10. SPECIAL CLASS UNSECURED CLAIMS**

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS**

| | Amount: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| US Department of Education | $23,000.00 | 0.00% | $140.00 |
| CONTINUING DEBT-UNSECURED - | | | |
| [balance survives discharge] | | | |

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HEL FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. SECTI**

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICAL PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** $50,109.18

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE .

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS**

**17. COMPLETION:** Plan shall be completed upon payment of the above approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PL**

**19: NON-STANDARD PROVISION(S)**

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**